**In the Matter of UNCLAIMED FREIGHT, INC., Debtor.**

**Bankruptcy No. 82–1394.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 5, 1986.

John C. Fruhmorgen, Donald M. Stichter, Tampa, Fla., for debtor.

Stephanie Cates-Harman, Trustee.

Shirley Arcuri, Tampa, Fla., for Trustee.

## ORDER ON APPLICATION FOR PAYMENT OF ADMINISTRATIVE RENT

ALEXANDER, L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is an Application for Payment of Administrative Rent filed by John C. Fruhmorgen, who seeks payment

of administrative rent for three separate properties rented to the Debtor, one in Clearwater, Fla., one in New Port Richey, Fla., and one in Lakeland, Fla. The Court considered the record, heard argument of counsel, and finds as follows:

In April, 1982, the Debtor corporation filed a Chapter 11 Petition in this Court. The Debtor was authorized to continue to do business as Debtor-in-Possession and continued in such capacity until April, 1984, when the case was converted to Chapter 7 and a trustee was appointed.

At the time the Petition was filed, John C. Fruhmorgen, the claimaint herein, was the president of the Debtor corporation and 100% stockholder. Mr. Fruhmorgen also individually owned or co-owned some of the properties on which the Debtor operated its business, and subleased another property to the Debtor. During the course of the Chapter 11 administration, Fruhmorgen was in control of the Debtor's assets and was authorized pursuant to this Court's Debtor-in-Possession Order to pay expenses such as rent as they accrued. It is for this reason that the trustee now objects to Mr. Fruhmorgen's Application; the trustee argues that Mr. Fruhmorgen's failure to pay the rent as it accrued materially mislead the Debtor's creditors as to the profitability of the Debtor's operation during the Chapter 11, and that Mr. Fruhmorgen waived his right to payment by failing to pay himself the rent due as the estate incurred the expense.

■ While it is true that Mr. Fruhmorgen had the authority to pay the rent on the properties owned by him, there is no evidence in the record that his failure to do so was the kind of "self-dealing" which would warrant equitable subrogation of his claim. In fact, the evidence shows that Mr. Fruhmorgen paid the rents due on the properties not owned by him, a fact which contradicts any suggestion of "self-dealing." Having determined that Mr. Fruhmorgen's claim should not be subrogated because of "self-dealing", this Court is satisfied that Mr. Fruhmorgen is entitled to administrative rent for two of the properties, the one in Clearwater and the one in New Port Richey, but is not entitled to administrative rent for the property in Lakeland.

■ The New Port Richey property was owned by Mr. Fruhmorgen and his former wife, and although the original lease called for payments of $1,600 per month, the Debtor had increased its rental payment to $4,900 because of improvements made on the premises. Mr. Fruhmorgen seeks $19,600 for rent for the months of September, October, November, and December, 1983.. The rent paid by the Debtor is a presumptively valid reflection of the reasonable value of the use and occupancy in the absence of evidence to the contrary. The trustee presented no evidence to overcome this presumption and, in fact, the testimony of Mr. Mueller, a real estate broker qualified as an expert witness, was that the reasonable rental value of the premises exceeded the amount asked for by Mr. Fruhmorgen. Accordingly, Mr. Fruhmorgen is entitled to $19,600 as a priority claim for the New Port Richey property.

The property in Clearwater, Fla. was owned by Mr. Fruhmorgen and was leased to the Debtor pursuant to a lease agreement dated May 25, 1978. The terms of the lease required monthly rental payments of $6,400 per month for the first five years of the 15 year lease, $7,700 per month for the second five years, and $8,800 per month for the third five years of the lease. Mr. Fruhmorgen claims $22,995 for rent due during the second five year period for the months of October, November and December of 1983. The uncontroverted testimony of Mr. Mueller was that the reasonable value of the use and occupancy of this property was $7,667 per month or $23,000 for the three month period claimed. Thus, Mr. Fruhmorgen's claim for $22,995 should be allowed as a priority claim.

■ The third property for which Mr. Fruhmorgen seeks administrative rent is located in Lakeland, Fla. The property is owned by Friendly Stores, Inc., and was

leased to Mr. William A. Watson pursuant to a business lease dated December 14, 1973. During the course of his leasehold, Mr. Watson subleased the property to "John Fruhmorgen, personally and d/b/a Unclaimed Freight, Inc." It was understood that the Debtor, Unclaimed Freight, Inc., was to be primarily liable for the rent, but that Mr. Fruhmorgen personally guaranteed the rents payable to Mr. Watson under the sublease agreement. The Debtor paid Mr. Watson directly. When the Debtor failed to make the payments under the sublease agreement, Mr. Watson sued Mr. Fruhmorgen on his personal guarantee, and Mr. Fruhmorgen was held personally liable for $20,000 in back rent. Mr. Watson also filed a Proof of Claim in this case for money owed to him under the sublease agreement, and the Debtor consented to an allowance to Mr. Watson of $2,633.11 as post-petition administrative expense entitled to priority status. Mr. Fruhmorgen asserts that because he is liable for rents that the Debtor owes Mr. Watson, he should be entitled to assert a priority claim in that amount against the Debtor.

Even if Mr. Fruhmorgen is entitled to assert a claim against the Debtor for monies he paid on the Debtor's behalf, the claim is certainly not entitled to priority status. The Debtor is required to give priority status to claims for post-petition use and occupancy of the Lakeland property, and the Debtor has done so by recognizing a $2,633.11 administrative claim to be paid to Mr. Watson. Mr. Fruhmorgen cannot assert under § 503(b)(1)(A) what is essentially a claim for indemnification, especially since the Debtor has already recognized its obligation to pay. Based on the foregoing, this Court is satisfied that Mr. Fruhmorgen's claim for administrative rent for the Lakeland property must be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the claim by John Fruhmorgen for administrative rent on the New Port Richey property be, and the same is hereby, allowed as a priority claim in the amount of $19,600. It is further

ORDERED, ADJUDGED AND DECREED that the claim by John Fruhmorgen for administrative rent on the Clearwater property be, and the same is hereby, allowed as a priority claim in the amount of $22,995. It is further

ORDERED, ADJUDGED AND DECREED that the claim by John Fruhmorgen on the Lakeland property is disallowed without prejudice with leave granted to file an Amended Proof of Claim for monies paid on the Debtor's behalf.